IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:              )
                               )
MATTHEW & LISA ROUDYBUSH,      )    CASE NO. BK05-40353
                               )
              Debtor(s).       )    CH. 13

ORDER

      Hearing was held in Lincoln, Nebraska, on March 22, 2006, on Kubr Management Company's motion to reconsider (Fil. #48) and objection to trustee's acknowledgment of claim and proposed treatment of claim (Fil. #49). Francis Skrupa appeared for the debtors; Donald Swanson appeared for Kubr Management Company, d/b/a Honest John's Used Cars; and Marilyn Abbott appeared for the Chapter 13 trustee.

      The debtor previously objected to the claim of Kubr Management Company, d/b/a Honest John's Used Cars, and moved to avoid the purchase-money lien held by the creditor in the debtors' vehicle (Fil. #39). The motion was brought pursuant to 11 U.S.C. § 547(c)(3)(B), alleging that Honest John's lien was noted on the title more than 20 days after the debtors purchased the vehicle and less than 90 days before the petition date, so it was not timely perfected and therefore was avoidable as a preference. After a hearing and an opportunity for the creditor to further respond, the motion and objection to claim were granted on January 17, 2006 (Fil. #46). Approximately three weeks later, the trustee notified the creditor that its claim would be treated as unsecured (Fil. #47). Honest John's then filed this motion to reconsider and an objection to the trustee's proposed treatment of its claim (Fils. #48 and 49).

      Honest John's argues first that the order of January 17 is an interlocutory order and may be reconsidered. It then argues that the debtors do not have standing to bring a lien avoidance action, but if they do, they must meet a two-step process in order to avoid the lien. First, the debtors must establish a preferential transfer under Section 547(c)(3)(B), then they must establish an exemption right which is impaired by the lien such that the lien may be avoided under Section 522(h). Because the debtors did not claim an exemption in this vehicle, Honest John's argues, there is no impairment of an exemption right and the lien cannot be avoided.

      Federal Rule of Bankruptcy Procedure 3008 permits a party in interest to move for reconsideration of an order disallowing a claim. The claim may be reconsidered for cause. § 502(j). As an equitable judgment, the reconsideration of an order allowing or disallowing a claim falls within the sound discretion of the court. In re Laclede Cab Co., 186 B.R. 688, 689 (Bankr. E.D. Mo. 1995). Reconsideration is appropriate where:

> (1) "the Court has patently misunderstood a party," (2) the court "has made a decision outside the adversarial issues presented . . . by the parties," (3) the court has "made an error not of reasoning but of apprehension," or (4) there is a "controlling or significant change in the law or facts since the submission of the issue to the Court."

Olson v. United States, 162 B.R. 831, 833 (D. Neb. 1993) (quoting Above The Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

Honest John's has properly moved for reconsideration under Rule 3008, so this matter is appropriately before the court.

The creditor questions the debtors' standing to avoid a preferential transfer. The version of Section 547(c)(3)(B) in effect at the time this case was filed provides:

> (c) The trustee may not avoid under this section a transfer —
> \* \* \*
> (3) that creates a security interest in property acquired by the debtor —
> \* \* \*
> (B) that is perfected on or before 20 days after the debtor receives possession of such property.

In this circuit, avoidance powers under Chapter 5 of the Bankruptcy Code are exclusively the province of the trustee, with a few limited exceptions to permit debtors to protect their exemption rights. LaBarge v. Benda (In re Merrifield), 214 B.R. 362, 364-65 (B.A.P. 8th Cir. 1997). A debtor does not have standing to bring a Section 547 action unless the trustee has not done so and the debtor could have claimed an exemption in the property. 11 U.S.C. § 522(h). However, that provision is not available when the debtor has given a consensual security interest in the property. § 522(g)(1). Therefore, under the circumstances of this case where the debtors consented to the granting of the security interest and where they have not claimed an exemption in the vehicle , the debtors do not have standing to bring this motion.

Finally, an attempt to avoid a preference should be brought as an adversary proceeding, not as a contested matter. Fed. R. Bankr. P. 7001; Baker v. Kas Enter. (In re Baker), 246 B.R. 379, 381 (Bankr. E.D. Mo. 2000).

For these reasons, the order of January 17, 2006, granting the objection to claim and granting the motion to avoid lien (Fil. #46) will be set aside and vacated and the debtors' motions will be denied.

IT IS ORDERED: Kubr Management Company's motion to reconsider (Fil. #48) is granted. Kubr Management Company's objection to trustee's acknowledgment of claim and proposed treatment of claim (Fil. #49) is granted. The order of January 17, 2006 (Fil. #46) is vacated. The debtors' motion to avoid lien of Honest John's Used Cars and objection to claim of Honest John's Used Cars (Fil. #39) is denied.

DATED:     April 6, 2006

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *Donald Swanson
    Francis Skrupa
    Marilyn Abbott
    United States Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.